# EXHIBIT A

**12-Person Jury**

FILED DATE: 7/20/2020 2:11 PM 2020L007648

FILED
7/20/2020 2:11 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

2020L007648

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CARLA J. KAPPEL, as mother and next )
friend of Kendall Isabella Tarabus, a minor, )
and Aydan James Tarabus, a minor, as Special )
Administrator of the Estate of OZAN )
TARABUS, deceased, )
)
               Plaintiff, )
)
v. )  No.
)
LUMBER LIQUIDATORS, INC., )
a Delaware corporation, )
               Defendant. )

## COMPLAINT

Plaintiff, CARLA J. KAPPEL, as mother and next friend of Kendall Isabella Tarabus, a minor, and Aydan James Tarabus, a minor, as Special Administrator of the estate of OZAN TARABUS, deceased ("Plaintiff"), by and through her attorney, the Law Offices of Kenneth Anspach and Kurt & Augenlicht LLP, for her Complaint against Defendant, LUMBER LIQUIDATORS, INC. ("Defendant") alleges and avers as follows:

## COUNT I

(Wrongful Death Act, 740 ILCS 180/1 *et seq.*)

1. Plaintiff is the mother and next friend of Kendall Isabella Tarabus and Aydan James Tarabus, the minor children and sole heirs of OZAN TARABUS, deceased ("Plaintiff's Decedent").

2. Plaintiff is the duly appointed special representative of Plaintiff's Decedent.

3. Plaintiff brings this action as the personal representative of Plaintiff's Decedent pursuant to 740 ILCS 180/1 *et seq.*

4. Defendant is a Delaware corporation that manufactured, marketed and sold, among other products, laminate flooring.

5. On or about December 30, 2014, Plaintiff's Decedent purchased laminate flooring (the "Laminate Flooring") from Defendant's store located in Bolingbrook, Illinois. The Laminate Flooring was manufactured and marketed by Defendant.

6. In or about January of 2015, Plaintiff's Decedent installed the Laminate Flooring in his personal residence. Said installation was the normal and intended use of the Laminate Flooring.

7. Formaldehyde and other chemicals, and dust containing these chemicals, emanated from the Laminate Flooring during and after it was installed by Plaintiff's Decedent and thereby became present in the air of Plaintiff Decedent's home.

8. Plaintiff's Decedent became exposed to formaldehyde and other chemicals due to their presence in the air of Plaintiff Decedent's home.

9. The above-described chemical exposure caused by the Laminate Flooring was the direct and proximate cause of Plaintiff's Decedent developing liver and pancreatic cancer that resulted in his death on July 18, 2018.

10. It was the duty of Defendant to manufacture the Laminate Flooring in a manner that was free of defects and reasonably safe for its intended use by members of the public such as Plaintiff's Decedent.

11. It was the duty of Defendant to not sell or otherwise place the Laminate Flooring into the stream of commerce unless it was free of defects and reasonably safe for its intended use by members of the public such as Plaintiff's Decedent.

2

12. The emanation of formaldehyde and other chemicals from the Laminate Flooring was a defective condition of the Laminate Flooring which rendered it unsafe and unfit for its intended use by members of the public such as Plaintiff's Decedent by causing cancer such as that suffered by Plaintiff's Decedent.

13. Defendant knew or should have known in the reasonable exercise of care and due diligence that the Laminate Flooring was defective and not reasonably safe for its intended use by members of the public such as Plaintiff's Decedent.

14. Defendant breached its duty to Plaintiff's Decedent in the following ways: (a) by manufacturing laminate flooring in a defective fashion which resulted in it emanating formaldehyde and other chemicals after installation rendering it unsafe and unfit for its intended use; (b) by selling laminate flooring that emanated formaldehyde and other chemicals after installation that rendered it unsafe and unfit for its intended use and (c) by marketing and otherwise placing in the stream of commerce laminate flooring that emanated formaldehyde and other chemicals after installation which rendered it unsafe and unfit for its intended use.

15. The death of Plaintiff's Decedent was a direct and proximate result of the defective condition of the Laminate Flooring.

16. Plaintiff's Decedent left surviving as his next of kin his two minor children: Kendall Isabella Tarabus and Aydan James Tarabus, who have sustained a general pecuniary loss and a loss of society and loss of companionship, love and affection of Plaintiff's Decedent subjecting Defendant to liability pursuant to the Wrongful Death Act, 740 ILCS 180, et seq.

3

FILED DATE: 7/20/2020 2:11 PM 2020L007648

17. As a result of Defendant's conduct, Plaintiff seeks the following elements of damages from Defendant, each of which has been sustained in the past and, in all likelihood, will continue to be sustained in the future:

   a. Loss of companionship and society; and

   b. Mental anguish, or, in the alternative,

   c. Grief, sorrow and mental suffering.

18. Plaintiff seeks pre-judgment and post-judgment interest at the rate allowed by law.

19. All conditions precedent to Plaintiff's right to recover herein and to Defendant's liability have been performed or have occurred.

**WHEREFORE**, Plaintiff respectfully requests entry of a verdict by a jury and prays for judgment against the Defendant in an amount in excess of the jurisdictional limits of the Circuit Court of Cook County, Law Division, as the jury shall find as fair and reasonable compensation for the injuries and damages sustained, and for such further relief as this court deems just and equitable.

CARLA J. KAPPEL, as Special
Administrator of the Estate of OZAN
TARABUS, deceased,

By: /s/ Kenneth Anspach
    *attorney for Plaintiff*

The Law Offices of Kenneth Anspach
111 West Washington St.
Suite 1625
Chicago, Illinois
Telephone: (312)
Facsimile: (312) 372-
Email: ken@anspachlawoffice.com
Attorney No. 55335

Kurtz & Augenlicht LLP
123 W. Madison St.
Suite 700
Chicago, IL 60602
312.526.3928
raugenlicht@kalawchicago.com
Attorney No. 46376

4