IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARLA J. KAPPEL, as mother and next friend of Kendall Isabella Tarabus, a minor, and Aydan James Tarabus, a minor, as Special Administrator of the Estate of OZAN TARABUS, deceased, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:20-cv-05123 |
| v. | ) ) | Honorable Thomas M. Durkin |
| LUMBER LIQUIDATORS, INC., a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

### **REASSIGNED CASE STATUS REPORT**

**I. Nature of the Case**
  **a. Attorneys of record for each party.**
  Kenneth G. Anspach and Robert J. Augenlicht for Plaintiff.
  Halli D. Cohn, Molly S. DiRago, John B. Sample, and Benjamin S. Geller for Defendant.

  **b. Basis for federal jurisdiction.**
  Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

  **c. Nature of the claim(s) and any counterclaim(s), including relief sought.**
  Plaintiff Carla J. Kappel, as mother and next friend of the children of Ozan Tarabus, deceased, and as Special Administrator of his Estate ("Plaintiff" or "Kappel"), brought a claim for wrongful death under 740 ILCS §180/1 against Defendant, Lumber Liquidators, Inc. n/k/a LL Flooring, Inc. ("Defendant" or "LL Flooring") (collectively the "Parties"). Plaintiff brought this claim in the Circuit Court of Cook County, Illinois alleging laminate flooring manufactured and marketed by Defendant caused the death of decedent Ozan Tarabus. *See* Dkt. 1; Ex. A Pl.'s Compl. The suit was subsequently removed to this Court.

  Plaintiff alleges laminate flooring manufactured by Defendant emanated "formaldehyde and other chemicals" in the home of the Decedent Ozan Tarabus. *Id.* Plaintiff continues that Defendant failed to exercise reasonable care in manufacturing of the laminate flooring leading to the alleged defective condition of the flooring. Plaintiff then alleges the exposure due to the defective condition of the flooring caused the Decedent to develop liver and pancreatic cancer resulting in the decedent's death on July

1

18, 2018. *Id.* Plaintiff seeks monetary damages on behalf of the children of the Decedent as a result. Defendant has not brought any counterclaims in this action.

## II. Proceedings to Date and Discovery
### a. Summary of discovery that has been taken and remains to be taken.

In June 2015, various individual and class actions lodged against Defendant for consumer protection and marketing claims for alleged deficiencies in laminate flooring were centralized and transferred to the Eastern District of Virginia. The cases were centralized in two MDLs (1:15-md-2627 (E.D. Va.)) and (1:16-md-2743 (E.D. Va.)). In March of 2018, a class action settlement was reached. Decedent Tarabus was a member of that class as it relates to the Formaldehyde MDL (1:15-md-2627).

Immediately following the removal of this case to this Court, on the motion of Defendant, the case was transferred by the J.P.M.L. to the E.D. Va. The E.D. Va. dismissed the case on Defendant's motion on the stated basis that the claim for wrongful death was precluded by the class action settlement. The dismissal was subsequently vacated on appeal and the case remanded to the E.D. Va. for further proceedings. On the motion of Plaintiff, the case was returned to the J.P.M.L. with a suggestion of remand to this Court. The J.P.M.L. granted the remand.

While the Fourth Circuit held the class action settlement does not bar Plaintiff's wrongful death claims, Defendant maintains that there is still substantial factual overlap between this case and the Formaldehyde MDL. While no case-specific discovery has been taken in this proceeding, to promote efficient use of this Court and the Parties' resources, Defendant strongly recommends the Parties use the general discovery from the Formaldehyde MDL.

Plaintiff reports that Plaintiff has not been able to locate the previously produced general discovery information. The parties will meet and confer on this issue within 30 days of the exchange of initial disclosures and present the Court with a proposal on the use of prior discovery and depositions taken in the MDL.

### b. Depositions - approximate number taken and estimated number still to be taken.

Besides the depositions taken in the MDL, no case-specific depositions have been taken in this proceeding.

Plaintiff: While it is uncertain how many witnesses will actually need to be deposed for oral testimony and/or documents, Defendant's estimate is considered reasonably possible at this time. Defendant: Estimates that there are about 10 fact witness depositions and 3 to 5 experts per side.

### c. Discovery cut-off date. If no discovery cut-off date has been set, please suggest one.

No discovery cut-off date is set.

Plaintiff: a progress status should be set in nine months, when it can be determined with much more certainty what progress was made and what remains to be accomplished. The Court should bear in mind, that although Defendant has been involved in this matter for a very long time, Plaintiff has not been involved at all and therefore needs more latitude for the time it needs to complete discovery. Furthermore, the issues are, in large part, different from those that were involved in the claims in E.D. Va.

   Defendant: suggests nine months for fact and expert discovery related to the case specific issues which include, but not limited to, discovery related to Plaintiffs' specific flooring, causation of Mr. Tarabus' death and damages.

  **d. Deadline to amend the pleadings. If no such date has been set, please suggest one.**
    The Parties suggest 30 days from the filing of this Joint Status Report.

**III. Pending Motions**
  **a. Description of all pending motions, and any briefing schedule set.**
    There are no pending motions before the Court.

  **b. Summary of all substantive rulings that have been entered.**
    Plaintiff: None, except the ruling of the U.S. Court of Appeals for the Fourth Circuit vacating the dismissal of Plaintiff's Complaint and remanding for further proceedings. Defendant: None.

**IV. Trial**
  **a. Whether there has been a jury demand.**
    Yes, a jury has demand has been filed.

  **b. Whether a trial date has been set; if not, the earliest date the Parties anticipate being able to commence a trial.**
    The earliest Plaintiff anticipates being able to commence a trial is 24 months from opening discovery. The earliest Defendant anticipates being able to commence a trial is 15 months from opening discovery.

  **c. Whether a final pretrial order has been filed; if not, whether there is a deadline for filing a final pretrial order.**
    No final pretrial order is filed nor is there a deadline for a final pretrial order.

  **d. Estimated length of trial.**
    Plaintiff considers it is too early to determine a length of trial. Defendant estimates seven (7) days for trial.

**V. Referrals and Settlement**
  **a. The assigned magistrate judge and whether the parties have discussed consenting to having the magistrate judge conduct all further proceedings in the case.**
    The Parties do not consent to conducting all further proceedings before the magistrate judge.

  **b. Whether any settlement discussions have occurred, the status of any discussions, and whether referral to the magistrate judge for assistance would be helpful.**
    The Parties had initial discussions regarding settlement, but no progress was made. The Parties do not believe referral to the magistrate judge will be helpful at this time.

**(6) Any other information that the parties believe is pertinent to the Court's understanding of the status of the case.**

This 12th day of June, 2024.

Respectfully Submitted,

| | |
|---|---|
| */s/John B. Sample* <br> John B. Sample <br> Illinois Bar No. 6321438 <br> john.sample@troutman.com <br> Troutman Pepper Hamilton Sanders LLP <br> 227 W. Monroe, Suite 3900 <br> Chicago, Illinois 60606 <br> Telephone: 312.579.5932 | */s/ Kenneth Anspach* <br> Kenneth Anspach <br> Illinois Bar No. 0059048 <br> ken@anspachlawoffice.com <br> Anspach Law Office <br> 77 West Washington St, Ste. 1420. <br> Chicago, Illinois 60602 <br> Telephone: 312.407-7888 <br><br> */s/Robert J. Augenlicht* <br> Robert J. Augenlicht <br> Law Office of Robert J. Augenlicht <br> 8833 Gross Point Rd. <br> Suite 208 <br> Skokie, IL 60077 <br> 312.526.3928 |

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th day of June, 2024, I electronically filed the foregoing document with the Clerk of this Court using the CM/ECF system which will send notification of such filing to all counsel of record:

| | |
|---|---|
| Kenneth Anspach | Robert J. Augenlicht |
| The Law Offices of Kenneth Anspach | Kurtz & Augenlicht LLP |
| 111 West Washington Street | 123 West Madison Street |
| Suite 1625 | Suite 700 |
| Chicago, Illinois 60602 | Chicago, Illinois 60602 |
| Telephone: (312) 407-7888 | Telephone: (312) 526-3928 |
| ken@anspachlawoffice.com | raugenlicht@kalawchicago.com |

                                          */s/ John B. Sample*
                                          John B. Sample